■ SAMUEL R. RAKOSI et al., Appellants, v GENERAL ELECTRIC CREDIT CORP., Respondent.—In an action, *inter alia,* to recover damages for the impairment of the security of a junior mortgagee, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, dated March 19, 1975, which is in favor of defendant, after a nonjury trial. Judgment affirmed, with costs. Plaintiffs are in the business of lending money for capital improvements. Defendant (GECC) is in the business of financing personal property. On or about May 11, 1972, Wojjas Skyland Mobile Homes, Inc. (Wojjas), a dealer in mobile and modular homes, and not a party to this action, entered into a security agreement with GECC, whereby GECC was to finance the purchase of modular homes by Wojjas. GECC filed a financing statement in the office of the clerk of Sullivan County, where Wojjas did business, and with the Department of State of the State of New York. The statement shows Wojjas as debtor and GECC as secured party, and indicates that a security interest was taken by GECC in all inventory presently owned or thereafter to be acquired by Wojjas. On June 30, 1972 Wojjas purchased approximately 2.39 acres of land in Sullivan County, adjoining 94 acres of land it already owned. Wojjas then began filling the land for the purpose of setting up a sales lot for modular homes. In January, 1973 Wojjas decided to remove four of the modular homes financed by GECC from inventory. GECC refinanced those homes, taking a $25,000 first mortgage on the 2.39 acres, which mortgage was recorded in the Sullivan County clerk's office. In February, 1973 and May, 1973, respectively, Wojjas purchased modular homes, the first called an American, the second called a

Fairfax. Both were installed on the 2.39-acre plot. Concrete footings and foundations were laid, with steel rods used for support. Neither the footings nor the steel rods were placed below the frost line. Septic tanks were installed and a well was dug. The American was hooked up to the septic tanks, to the well and to electrical service, and was used by Wojjas as a sales office. The Fairfax was used as a demonstration model, but was not hooked up to any utilities. In June, 1973 Wojjas sought a $50,000 loan from plaintiffs, apparently for capital improvements. Plaintiff Samuel Rakosi went to look at Wojjas' property. He was told that he would have to take a second mortgage on the 94 acres, as a bank already possessed a first mortgage in the amount of $70,000. Rakosi did not find this satisfactory, and inquired as to what other collateral Wojjas had to offer. He was then shown the 2.39-acre plot, with the two modular homes installed thereon. In the course of a title search for conditional sales contracts, Rakosi learned of the bank mortgage on the 94 acres, of GECC's first mortgage on the 2.39 acres and of GECC's security interest in Wojjas' inventory. However, apparently believing that the American and the Fairfax were not inventory but part of the real estate, Rakosi agreed to the loan, taking a blanket second mortgage on both parcels. About six weeks later Rakosi loaned Wojjas another $35,000. Wojjas defaulted almost immediately. Rakosi foreclosed and held a judicial sale, at which he purchased the property as the highest bidder. However, when he went to look at the property, he found that GECC had already acted. After Wojjas' default, GECC procured from Wojjas a document entitled "release and declaration", signed by one John Lutzen, purportedly a vice-president of Wojjas, and exhibiting Wojjas' corporate seal. By this document, GECC was given permission to enter upon Wojjas' property and to take possession of all of its inventory. Accordingly, GECC had removed the American and the Fairfax from their foundations, and from the premises. In this action plaintiffs seek damages for impairment of security and willful and deliberate impairment of security, and treble damages for trespass and waste. The trial court found that the American and the Fairfax were part of Wojjas' inventory, and that GECC therefore had the right to take possession of them upon Wojjas' default. Accordingly, the complaint was dismissed. We affirm. The key question on appeal is whether the trial court properly characterized the two homes in question as inventory, rather than as real property or as fixtures. Section 9-109 of the Uniform Commercial Code provides, in pertinent part: "Goods are * * * 'inventory' if they are held by a person who holds them for sale or lease". Paragraph 3 of the Official Comment to that section states that the "principal test to determine whether goods are inventory is that they are held for immediate or ultimate sale." Here, the evidence tended to show that: (1) although the homes were on concrete foundations, they were easily removable and the foundations could easily be modified for installation of new homes; (2) the fact that the American had sewerage, water and electrical service did not indicate it was meant to be permanent, rather than temporary; (3) these homes could not function as designed due to the nature of the foundations; and (4) it was not unusual for a dealer to use one of his inventory homes as a model and another as an office and sell them at the end of the year, replacing them with later models. On these facts then, we believe it was Wojjas' intention to sell these homes, relocating them in other areas. Accordingly, we agree with the trial court's characterization of them as inventory. GECC possessed a perfected purchase-money security interest in Wojjas' inventory (see Uniform Commercial Code, § 9-107, subd [b]; § 9-401, subd [1], par [c]; § 9-402, subd [1]). That interest took priority over

plaintiffs' interest (see Uniform Commercial Code, § 9-312, subd [3]). Accordingly, upon Wojjas' default, GECC had the right to take possession of the inventory collateral (see Uniform Commercial Code, § 9-503). GECC further procured Wojjas' permission to take the inventory. Plaintiffs' contention that the release and declaration was unauthorized is without merit. The presence of the corporate seal was prima facie evidence that the document was duly authorized (see Business Corporation Law, § 107). Plaintiffs failed to present sufficient evidence to the contrary. Accordingly, plaintiffs' first two causes of action, based upon impairment of security, are without merit, as GECC was entitled to possession of the American and the Fairfax modular homes. Plaintiffs' third cause of action, seeking treble damages for trespass and waste, based upon section 861 of the Real Property Actions and Proceedings Law, is without merit if for no other reason than that the section relied upon is restricted to the removal of trees and timber. Martuscello, J. P., Margett, Suozzi and O'Connor, JJ., concur.